ALD-210                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2582

_____

IN RE: RICHARD CORBIN, Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cv-00352-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 28, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed:  July 3, 2012 )

_____

OPINION

_____

PER CURIAM.

Richard Corbin seeks a writ of mandamus under 28 U.S.C. § 1651 to compel the

United States District Court for the Eastern District of Pennsylvania to produce copies of

transcripts and other record documents for Corbin's use when briefing his appeal of his

criminal conviction.  For the reasons that follow, we will deny the mandamus petition.

The District Court's criminal docket sheet reflects that a jury convicted Corbin on

numerous counts, including robbery and weapons offenses, and he was sentenced in 2011

to a total of 1,284 months in prison.  Docket # 202.  Corbin's direct criminal appeal is

pending in this Court and has been consolidated for briefing and disposition with the appeal of co-defendant Corley. See C.A. Nos. 11-2129, 11-2767, and 11-4032.

Corbin's counsel entered an appearance in the criminal appeal and filed a transcript purchase order form. After transcripts were produced, a briefing notice issued. Briefing, however, was then stayed pending a restitution hearing in the District Court. In addition, Corbin filed notice of his election to waive the right to counsel on appeal. The Clerk of this Court granted Corbin's motion to proceed pro se and directed his now-former counsel to forward to Corbin the transcripts and any other documents necessary to prosecute the appeal. When counsel did not timely submit proof of having forwarded these materials to Corbin, the Clerk issued a show cause order. Counsel explained in response that he had mailed all documents to Corbin in April 2012, but that five of the six envelopes were returned undelivered, so he re-mailed the materials in May 2012. The Clerk discharged the show cause order, lifted the stay in light of a restitution order having been entered, and directed Corbin to file an opening briefing within thirty days.

Corbin then moved for an extension of time to file a brief, asserting that he had not received the documents from counsel. On June 14, 2012, the Clerk granted Corbin's motion, noting that former counsel's attempts to forward the record materials had been unsuccessful, and that, to avoid further delay, the Clerk would mail the documents to Corbin and afforded him forty-five days in which to file an opening brief and appendix.

Meanwhile, Corbin filed a "Motion for Leave of the Court to Provide Transcripts ...," Docket # 291, and a "Petition for Specific Order for Docket Entry Documents,

Docket # 298, wherein he asked the District Court to forward the record documents needed for his appeal. Those motions remain pending before the District Court.

In his mandamus petition, which Corbin filed prior to entry of the Clerk's June 14, 2012, order in the criminal appeal, Corbin seeks to compel the District Court to rule on the pending motions and to produce copies of the transcripts and record documents.

Mandamus is a drastic remedy available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).

In light of the Clerk of this Court having (i) recently forwarded copies of the transcripts and record materials to Corbin and (ii) having reset the briefing schedule for the direct criminal appeal so that Corbin has time to review those materials, we will deny the mandamus petition as moot. Because Corbin has now effectively obtained the relief that he seeks, an order compelling the District Court to act is unwarranted. Furthermore, Corbin has not shown that he has no other means to relief, or that his right to mandamus is clear and indisputable, inasmuch as his need for record materials has been adequately addressed by the Clerk in the appeal in his criminal case.

For these reasons, we will deny the petition for a writ of mandamus.